UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | | |
|---|---|---|---|
| MICHAEL A. BLOW , | ) | | 2:16-cv-165 |
| Petitioner, | ) | | |
| v. | ) | Docket No. 09-cr-026 | |
| | ) | Second Circuit Docket No. 16-1530 | |
| UNITED STATES. | ) | | |
| . | ) | | |

**MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 & HOLD CASE IN ABEYANCE PENDING AUTHORIZATION FROM THE SECOND CIRCUIT**

Petitioner, Michael A. Blow, through undersigned counsel, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255, and to hold this case in abeyance pending the Second Circuit's authorization of this successive petition.

On December 18, 2009, this Court sentenced Mr. Blow to a term of 130 months imprisonment after finding that he was a career offender under § 4B1.2 of the Sentencing Guidelines.  The Presentence Report ("PSR") concluded that Mr. Blow qualified for the chapter 4 enhancement based on his aggravated domestic assault conviction and his prior federal controlled substances offense.  PSR ¶32.  No other prior convictions were advanced in support of the career offender designation.

In light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Blow no longer qualifies -as a career offender because his conviction for aggravated domestic assault (PSR ¶47) no longer categorically qualifies a "crime of violence" under any portion of the career offender definition.  In *Johnson*, the Supreme Court struck down the ACCA residual clause (18 U.S.C.

[1]